FILED 10 JAN 22 11:37USDC-ORP

Lennie L. Ames,
PO Box 3243
Applegate, Oregon 97530

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-09-478-HA |
| Against, | **DEFENDANT'S –SECOND- AFFIDAVIT AND STATEMENT OF FACTS IN SUPPORT OF MOTION TO QUASH... SET ASIDE...DISMISS, AND NOTICE** |
| Lennie Ames, et al, | |
| (Accused) Defendant. | **(With attached Defendants' EXHIBIT-3)** |

STATE OF OREGON )
                ) ss
County Of Jackson)

I, Lennie Ames (Affiant) being first duly sworn do depose and say, that I am a "Defendant" in the above-entitled cause, that I am beyond 21-years of age, that the facts that I do state hereinbelow are true and correct to the best of my knowledge, information and belief, that I am competent to testify to the matters contained herein and, that I do therefore declare the following Statement of Facts in support of Defendants' Motions herein, under penalty of perjury and the Laws of the United States and the State of Oregon, as follows:

1.

Your Affiant, Lennie Ames, does hereby submit the "_cease_ and _desist_" Order of Forest Service District Ranger, Linda Duffy, as referenced at paragraph-16 of "Defendant's (First) Affidavit and

Defendant's SECOND Affidavit and Statement of Facts in Support
of Defendants' Motion to Quash... Set Aside... Dismiss, and Notice
Page 1 of 5

1  Statement of Facts...," and again at page-19 of Defendants'
2  Motion herein and hereof; a True and Correct copy of said
3  document attached hereto, marked "Defendants' EXHIBIT-3" and by
4  this reference incorporated herein as if fully set-forth.

                                2.

6     The USDA Forest Service did send a so-called "Mineral
7  Examiner" to Affiant's said Placer Claim herein, BOBCAT PLACER,
8  one-day in February (2009) and again one-day in May (2009)
9  [Refer to attached, EXHIBIT-3].

                                3.

11    Purportedly said "Examiner" was present at each said time,
12 then and there, to gather facts and information and, for reasons
13 uncertain.

                                4.

15    Then and There, said Forest Service employee did inquire of
16 Your Affiant of and concerning his mining operations and
17 regarding: production amounts, gold recovery averages per-ton of
18 material, depth of overburden to bedrock; questions that require
19 *proprietary information* as answers.

                                5.

21    Then and There, said Forest Service employee never walked more
22 than about fifty-feet from the vehicle, but, did take
23 photographs of personal and private property without the
24 permission or the consent of Your Affiant.

                                6.

26    That according to District Ranger, Linda Duffy, a so-called
27 "*review of your (Affiant's) activities and camping situation was*
28 *conducted…*" [Refer to attached, EXHIBIT-3].

Defendant's SECOND Affidavit and Statement of Facts in Support
of Defendants' Motion to Quash… Set Aside… Dismiss, and Notice

7.

It is the understanding of Your Affiant that: *rulemaking, enforcement and <u>adjudication</u> constitute what may be termed <u>administrative process</u>; "review" means to re-examine <u>judicially</u>;* when an inferior officer or board is charged with an administrative act, the performance of which depends upon and requires the existence or ascertainment of facts, the investigation and determination of such facts is so-called <u>judicial action</u>; an act of administrative board if it goes to the determination of some right, protection of which is peculiar of courts is a <u>judicial act</u>; the term <u>jurisdiction embraces every kind of judicial action</u>.

8.

The Forest Service did conduct an investigation of Your Affiant, and Linda Duffy did make a determination of Affiant's rights (said rights as more fully expressed in the record herein) by adjudication, based upon said investigation *which is a judicial act requiring subject matter jurisdiction*.

9.

<u>Linda Duffy, did issue a "cease and desist" Order which is in effect identical to an ordinary court's injunction *which, is a judicial act requiring subject matter jurisdiction*.</u>

10.

The District Ranger's Office, contrary to due process and flying in the face of proper notice through its aforesaid adjudication herein, did *supersede* Senior Judge Karlton's decision in the <u>Lex</u> case, by: (A) actually denying Your Affiant



| United States Department of Agriculture | Forest Service | Rogue River-Siskiyou National Forest | Siskiyou Mountains Ranger District 6941 Upper Applegate Road Jacksonville, Oregon 97530-9314 |
|---|---|---|---|

File Code: 2810
Date: June 15, 2009

Mr. Ames

*True and Correct Copy LLD.*

Dear Mr. Ames,

It has been brought to my attention that you have been occupying National Forest System lands since May of 2008; you have constructed pole framed porches onto two travel trailers, and constructed a plastic covered pole shed, all on National Forest lands. You are hereby notified that your occupancy of National Forest System land is not authorized by the United States Mining Laws or Regulation. In addition, our records indicate that you do not have a Special Use Authorization for long term camping.

I understand that you may own, or are associated with, an unpatented mining claim in the area. However, with this letter I am informing you that a review of your activities and camping situation was conducted by a Forest Service Certified Mineral Examiner on February 24, 2009, and again on May 4, 2009. The 1955 Multiple Use Mining Act (30 U.S.C. 612) requires that occupancy and other non-mining activities be necessary and reasonably incidental to ongoing and active mining. The review indicates that your occupancy is not reasonably incidental to qualifying mining activities. The level of mining you have demonstrated can be reasonably accomplished without residential occupancy.

Please remove all of your camping equipment and facilities from National Forest System lands and cease and desist all unauthorized residential occupancy of those lands immediately. Failure to do so will result in legal remedy under 36 CFR 261. 10 (b) (*Constructing, reconstructing, improving, maintaining, occupying, or using a residence on National Forest System land unless authorized by a special use authorization or approved operating plan when such authorization is required.*)

Sincerely,

Linda L. Duffy

LINDA L. DUFFY
District Ranger

*DEFENDANTS' EXHIBIT-3*