**KENT S. ROBINSON**
Acting United States Attorney
District of Oregon
**DWIGHT C. HOLTON**
Oregon State Bar No. 090540
**NEIL J. EVANS**
Oregon State Bar No. 096551
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile: (503) 727-1117
Email:  Dwight.Holton@usdoj.gov
       Of Attorneys for Plaintiff
       Neil.Evans@usdoj.gov
       Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No.  09-0478 MO |
| Plaintiff, | **RESPONSE TO DEFENDANTS' MOTION TO QUASH** |
| v. | |
| **LENNIE AMES** and **JARED FOURNIER,** | |
| Defendants. | |

**I.    INTRODUCTION**

Defendants have been charged in a one count information with unlawfully maintaining, occupying, and using a residence on National Forest System lands.  Defendants have filed a "Motion to Quash" in which they claim, in essence, that they are above the law – that the laws restricting use of National Forest lands simply do not apply to them.  The motion is based on a fatally defective reading of mining law which has repeatedly been rejected by the courts.  Accordingly, the motion should be denied.

**Page 1 -**   **Response to Defendants' Motion to Quash**
           *United States of America v. Ames and Fournier*

## II.    FACTUAL BACKGROUND

Defendants are living on public land in the Siskiyou Mountain Ranger District of the Rogue River-Siskiyou National Forest. The defendants maintain a number of structures on the site. Defendants do not have authority from the Forest Service to live on the land and do not have an approved "Plan of Operations" for any claimed mining activity.

Defendants are associated with an un-patented mining claim in the area of their occupancy, however there is little evidence of actual mining. More importantly, their occupancy and use of public lands is not necessary and reasonably incident to prospecting, mining or processing operations, as required by law, *see* 30 U.S.C. § 612.

Defendants have repeatedly been notified of their unlawful occupancy and have been asked to remove all camping equipment and facilities from National Forest System lands. Defendants continue to occupy the lands.

## III.    LEGAL OVERVIEW

On December 1, 2009, defendants were charged in a one count information with maintaining, occupying, and using a residence on National Forest System lands, in violation of 16 U.S.C. § 551 and 35 C.F.R. § 26l.10(b).

### A.    Forest Service Regulation and Authority

Section 551 of Title 16 authorizes the Secretary of Agriculture to "make such rules and regulations" as necessary to protect against depredation of National Forest lands. The statute specifically authorizes the Secretary to " regulate the[] occupancy and use" of National Forests. Section 551 also provides for criminal fines and imprisonment for violations.

Pursuant to this authority, the Secretary of Agriculture promulgated 36 C.F.R. § 26l.10(b), which prohibits

> Construction, reconstructing, improving, maintaining, occupying or using a residence on National Forest System lands unless authorized by a special-use authorization or approved operating plan when such authorization is required.

The Ninth Circuit has discussed in detail the property rights of miners associated with un-patented mining claims and the application of Forest Service regulations. *United States v. Shumway*, 199 F.3d 1093, 1107 (9th Cir. 1999). The United States Attorney's Office for the District of Oregon is well within its authority to charge these defendants with Class B Misdemeanor violations of the Forest Service regulations.

Defendants' motion at page 16 cites to *United States v. Lex,* 300 F. Supp. 2d 951 (E.D. Cal. 2003) in support of their motion to quash or dismiss. However, the regulations in *Lex* are not the same regulations at issue here. Rather, in response *Lex,* the Forest Service amended their regulations to reverse the *Lex* decision. *United States v. Russell*, 2009 WL 33325 (N.D. Cal.))(Any reliance on *Lex* is misplaced because the Forest Service later amended 36 C.F.R., part 228.4(a), specifically to overrule the *Lex* decision).

Accordingly, defendants' motion should be denied.

B.      Standard For A Motion To Dismiss[1]

The Federal Rules of Criminal Procedure provide for a motion to dismiss federal charges where (1) the indictment or information fails to show subject matter jurisdiction or to state an offense; (2) there is an alleged defect in the institution of the prosecution, (3) there is a defense

---

[1] Defendant's motion is styled as a "Motion to Quash." The Federal Rules of Criminal Procedure do not provide for a "quashing" of charges. However, Rule 12 does provide for a motion to *dismiss* in certain circumstances – accordingly, the government will respond to defendants' motion as a motion to dismiss.

**Page 3 -      Response to Defendants' Motion to Quash**
            *United States of America v. Ames and Fournier*

based on a defect in the information. Fed. R. Cr. P. 12(b)(3), *United States v. Smith*, 866 F.2d 1092, 1095 (9th Cir.1989). A charging instrument is sufficient if:

> (1) it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*United States v Hill*, 279 F.3d 731 at 741 (9th Cir. 2002). Failure to allege a required element of the charged offense is a fatal flaw requiring dismissal. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

## IV.  ARGUMENT

Defendants argue in essence that they are mining and that their operations are exempted from the law and regulation which they are charged with violating. Specifically, defendants argue that their operations are regulated exclusively by the Mining Act of 1872, and that this law excludes application of any other statute or regulation. Courts have repeatedly rejected the sweeping scope that defendants ascribe to the Mining Act of 1872, holding instead that the act allows for regulation which does not impermissibly encroach upon the right to use and enjoyment of mining claims

During the late-nineteenth century development of the West, Congress addressed the issue of disposition of minerals on federal lands several times.[2] On May 10, 1872, Congress enacted what is commonly referred to as the 1872 Mining Law, 17 Stat. 91, Ch. 152, R.S. 2319. The specific section relating to disposition of mineral deposits, 30 U.S.C. § 22, provides:

> Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States and those who have declared their intention to become such, under regulations prescribed by law, and according to the local customs or rules of miners in the several mining districts, so far as the

---

[2]  The history is summarized concisely in *Shumway* at 1097-1099.

**Page 4 -**     **Response to Defendants' Motion to Quash**
         *United States of America v. Ames and Fournier*

same are applicable and not inconsistent with the laws of the United States. 30 USC 22.

Holders of mining claims hold a property interest in federal lands, but that interest only allows uses of the land that are reasonably incident to mining. As the Eighth Circuit long ago explained in *Teller v. United States*:

> For reasons of public policy, and for the purpose of encouraging the mining industry, the United States gratuitously grants the privilege to any citizen, of locating a claim for mineral lands and working the same for precious metals; but it has not seen fit to give away the land containing the minerals, but, on the contrary, had adopted the policy of selling the same to the locator, if he desires to purchase, on terms fixed by the acts of congress...

113 F. 273, 280-81 (8th Cir. 1901); *see also* 30 U.S.C. § 612 (specifically reserving authority of the United States with respect to mining claims).

In *United States v. Rizzinelli*, 182 F. 675 (D. Idaho 1910), the court also examined the question of the allowable use of the surface of a mining claim, and likewise concluded that the Mining Act of 1872 establishes an entitlement to uses that were *reasonably incident to* mining. *See also United States v. Etcheverry*, 230 F. 2d 193, 195 (10th Cir. 1956).

Miners may not operate with the impunity of a holder of property in fee simple. Rather, "[c]laimants thus must take their mineral interests with the knowledge that the government retains substantial regulatory power over those interests." *United States v. Locke*, 471 U.S. 84, 105 (1985).

Under the statutory authority to regulate use and occupancy of national forest system lands, 16 U.S.C. § 551, the Secretary of Agriculture has promulgated regulations to ensure that mining operations do not unreasonably or unnecessarily damage resources of the National Forests. Fed. Reg. Vol. 39, No 168 (August 28, 1974); 36 CFR § 228. The authority of the Secretary of Agriculture to promulgate and enforce such rules has been upheld on numerous occasions by District Courts, the Ninth Circuit, and by the United States Supreme Court. *United*

Page 5 -    Response to Defendants' Motion to Quash
          *United States of America v. Ames and Fournier*

*States v. Grimaud*, 220 U.S. 506 (1911); *Light v. United States*, 220 U.S. 523 (1911); *United States v. Goldfield Deep Mines Company of Nevada*, 644 F. 2d 1307 (9th Cir. 1987) *cert. denied*, 455 U.S. 907 (1982); *United States v. Doremus*, 658 F. Supp. 752 (D. Idaho 1987), *aff'd*, 888 F. 2d 630 (9th Cir. 1989), *cert. denied* 498 U.S. 1046 (1991).

The validity of regulations pertaining to mining operations on National Forest System lands was specifically addressed in *United States v. Weiss*, 642 F. 2d 296 (9th Cir. 1981), where the Ninth Circuit affirmed imposition of an injunction barring a miner from operating without an approved Plan of Operations. The appellate court said:

> We believe that the important interests involved here were intended to and can co-exist. The Secretary of Agriculture has been given the responsibility and the power to maintain and protect our national forests and lands therein. While prospecting, locating, and developing of mineral resources in the national forests may not be prohibited nor so unreasonably circumscribed as to amount to prohibition, the *Secretary may adopt reasonably rules and regulations which do not impermissibly encroach upon the right to the use and enjoyment of placer claims for mining purposes*.

*Weiss*, 642 F. 2d at 299 (emphasis added). More recently, in *Shumway*, the Ninth Circuit re-stated the authority of the Secretary of Agriculture to adopt reasonable regulations that do not impermissibly encroach on mining activities. *Shumway*, 199 F.3d at 1107.

In sum, while the public is entitled to enter upon national forest system lands and exercise uses of those lands that are reasonably incident to mining, such use is subject to the rules and regulations of the Secretary of Agriculture. The purpose of those rules is to provide for the right to mine, while minimizing adverse environmental impacts on the surface resources administered as part of the national forest system. 36 C.F.R. § 228.1. The applicable law clearly does not provide for an absolute right to mine, nor does it provide for unregulated activities upon National Forest System lands.

Nothing in the Mining Act of 1872 exempts defendants from liability under 16 U.S.C. § 551 and 36 U.S.C. § 261.10(b). Rather, Courts have repeatedly re-affirmed the authority of the

Secretary of the Agriculture to establish reasonable rules governing mining operations in order to protect National Forest lands. Defendants repeated and varied arguments that the Mining Act of 1872 precludes regulation of their alleged mining activities, and that the Information therefore is improper, are completely without foundation.

## V.     CONCLUSION

Nothing in defendants' motion establishes a lack of subject matter jurisdiction or a defect in the Information or institution of the prosecution. The Information plainly sets forth the elements of the offense charged and fairly informs the defendants of the charge against them, and the Information enables them to plead an acquittal or conviction in bar of future prosecutions for the same offense. Accordingly, there is no basis to dismiss the Information, and defendants' motion should be denied.

DATED this 25th day of January, 2010.

Respectfully Submitted,

KENT S. ROBINSON
Acting United States Attorney
District of Oregon

  */s/ Dwight C. Holton*
DWIGHT C. HOLTON
Assistant United States Attorney
Oregon State Bar No. 090540
Attorneys for Plaintiff